IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
JENNIFER MADEY,                )
                               )
          Plaintiff,           )   Civil Action No. 06-813
                               )
    v.                         )   Judge McVerry
                               )   Magistrate Judge Caiazza
UPMC HEALTH SYSTEM and         )
DAVID BLUMBERG, M.D.,          )
                               )
          Defendants.          )
```

**MEMORANDUM ORDER**

The Defendant UPMC Health System ("UPMC") has filed a Motion to Dismiss (Doc. 25) arguing, among other things, that the Plaintiff cannot state viable claims under HIPAA and ERISA. *See* Defs.' Br. (Doc. 26) at 7-8 (HIPAA does not support private cause of action); *id.* at 8-12 (ERISA fiduciary liability does not extend to claims for monetary damages).  In response, the Plaintiff has filed a Stipulation under Federal Rule 41(a)(1)(ii), agreeing to a dismissal "for the purpose of transferring [her] state [law] claims to the Court of Common Pleas of Allegheny County."  *See* Doc. 29.

The Defendant has identified legal precedent demonstrating that a dismissal of the federal claims is warranted.  The Plaintiff's Stipulation must be read as either a concession that dismissal is appropriate, or a desire to abandon the federal claims.  *See id.* (seeking to pursue "state [law] claims" in Court of Common Pleas).

For these reasons, the Defendant's Motion to Dismiss (**Doc. 25**) is **GRANTED** with respect to the federal claims, and those claims hereby are **DISMISSED WITH PREJUDICE**.[1]  As to the state law claims against UPMC and Dr. Blumberg, the court hereby declines to exercise supplemental jurisdiction over them.  *See* Bright v. Westmoreland County, 380 F.3d 729, 751 (3d Cir. 2004) ("absent extraordinary circumstances, where the federal causes of action are dismissed the district court should . . . refrain from exercising [supplemental] jurisdiction") (citations and internal quotations omitted).

In light of the dismissal of the claims over which this court has federal subject matter jurisdiction, the Plaintiff may proceed to litigate her remaining claims in state court.[2]

---

[1]  The court's **text Order of December 4, 2006** granting the Plaintiff's Stipulation of Dismissal is hereby **VACATED**.  Federal Rule 41(a)(1)(ii) permits dismissal without prejudice if the stipulation is "signed by all parties who have appeared in the action." *Id*.  UPMC did not sign, and indeed has opposed, a dismissal without prejudice.  *See generally* Mot. for Reconsid. of Stip. of Dismissal (Doc. 30).  In light of the rulings herein, the Defendant's Motion for Reconsideration (**Doc. 30**) is **DENIED AS MOOT.**

[2]  The court notes that the Plaintiff's refiling in state court should not create any statute of limitations issues.  *See generally* Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) ("section 1367(d) tolls the statute of limitations," and "the plaintiff whose supplemental jurisdiction is dismissed has at least thirty days after dismissal to refile in state court") (citations and internal quotations omitted).

The clerk is directed to mark this case closed.

    IT IS SO ORDERED on this 6th day of December, 2006.

                                    <u>S/Terrence F. McVerry</u>
                                    Terrence F. McVerry
                                    United States District Court Judge

cc (via email):

Joseph H. Chivers, Esq.
Christopher Rulis, Esq.
Stephen M. Elek, Esq.
Peter Molinaro, Jr., Esq.